IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BRITTANI CASTLE,** § | | |
| **Plaintiff,** § | | |
| § | | |
| § | | |
| v. § | **CIVIL ACTION NO.** _____ | |
| § | | |
| **HAISLIN VARELA, LUIS ABRAHAM** § | | |
| **VARELA AGUILERA, PATRICIO** § | | |
| **GARZA  AND THE UNITED STATES** § | | |
|  **OF AMERICA,** § | | |
| **Defendants.** § | **JURY TRIAL** | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Now comes **BRITTANI CASTLE** ("Plaintiff"), pursuant to the Federal Rules of Civil Procedure and complaining of **HAISLIN VARELA, LUIS ABRAHAM VARELA AGUILERA, PATRICIO GARZA** and **THE UNITED STATES OF AMERICA** (collectively, "Defendants"), for cause of action shows unto the Court the following:

## PARTIES AND SERVICE

1. Plaintiff **BRITTANI CASTLE** ("Plaintiff") is an individual residing in Houston, Harris County, Texas.

2. Defendant **HAISLIN VARELA** ("**VARELA**"), an individual who resides in Texas, may be served with process at his place of residence, 11319 Sagearbor Drive, Houston, Texas 77089, or wherever he may be found.

3. Defendant **LUIS ABRAHAM VARELA AGUILERA** ("**AGUILERA**"), an individual who resides in Texas, may be served with process at his place of residence, 11319 Sagearbor Drive, Houston, Texas 77089, or wherever he may be found.

2. Defendant **PATRICIO GARZA** ("**GARZA**"), an individual who resides in Texas,

may be served with process personally at his place of residence, 11230 Sagecreek Drive, Houston, Texas 77089, or wherever he may be found.

3.     Defendant, **UNITED STATES OF AMERICA ("USA")**, pursuant to Federal Rule of Civil Procedure 4(i), may be served with process by serving a copy of the summons and complaint to the Civil Process Clerk at 1000 Louisiana, Suite 2300, Houston, Texas 77002 and by sending a copy of the summons and complaint by certified mail to United States Attorney General, U.S. Department of Justice; 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001.

## JURISDICTION, VENUE AND NOTICE

4. The Court has Jurisdiction over the lawsuit because the action arises under the federal Tort Claims Act, (28 U.S.C §1346(b)) and it involves the United States Postal Service, a federal agency of the United States of America.

5. As Plaintiff seeks monetary relief of $250,000.00 or less, the subject matter in controversy is within the jurisdictional limits of this Court.

6. Plaintiff presented her notice of claim, Standard Form 95 to the United States Postal Service, on January 24, 2022.

## FACTUAL SUMMARY

7. On or about March 16, 2024, Plaintiff was traveling east bound, stopped at a red light at the intersection of Fugua Street and Sabo Road, in the left lane. Defendant GARZA was traveling the same direction, but failed to control his speed and rear ended the vehicle directly behind Plaintiff, driven by Defendant VARELA, which in turn struck the rear end of Plaintiff's vehicle. Defendant GARZA was driving a USPS truck while in the course and scope of his employment with the USPS. As a result, Plaintiff suffered serious injuries.

## PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANT VARELA

9. Plaintiff will show that Defendant VARELA's negligent acts and/or omissions, individually and/or collectively, were a direct and proximate cause of the incident made the basis of this lawsuit and resulted in Plaintiff's injuries and damages. More specifically, the following are the actions and/or omissions constituting Defendant VARELA's negligent, careless, and reckless disregard of the duty she owed:

    A)   failing to keep a proper lookout;

    B)   failing to control speed;

    C)   failing to apply the brakes to his motor vehicle in a timely and prudent manner;

    D)   failing to take reasonable care in controlling his vehicle;

    E)   driver inattention.

## PLAINTIFF'S CAUSE OF ACTION AGAINST LUIS ABRAHAM VARELA AGUILERA

11.   On or about March 16, 2024, Defendant AGUILERA was the owner of the vehicle operated by Defendant VARELA. Defendant entrusted the vehicle to Defendant VARELA, a reckless and incompetent driver, and knew, or through the exercise of reasonable care should have known, that Defendant VARELA was a reckless and incompetent driver. As described herein, Defendant VARELA was negligent on the occasion in question, and his negligence was the proximate cause of Plaintiff's damages.

## RESPONDEAT SUPERIOR

8. Defendant GARZA's negligence was a proximate cause of Plaintiff's injuries and damages. At all times relevant to this case, Defendant GARZA was acting for, and within

the scope of his employment with, the United States of America and the United States Postal Service. Thus, the United States of America and the United States Postal Service are liable for the negligent conduct of Defendant GARZA under the legal doctrine of respondeat superior.

## **PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANT GARZA**

9. Plaintiff will show that Defendant GARZA's negligent acts and/or omissions, individually and/or collectively, were a direct and proximate cause of the incident made the basis of this lawsuit and resulted in Plaintiff's injuries and damages. More specifically, the following are the actions and/or omissions constituting Defendant GARZA's negligent, careless, and reckless disregard of the duty she owed:

> A) failing to keep a proper lookout;
>
> B) failing to control speed;
>
> C) failing to apply the brakes to his motor vehicle in a timely and prudent manner;
>
> D) failing to take reasonable care in controlling his vehicle;
>
> D) driver inattention.

## **PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANT USA**

10. Plaintiff will show that Defendant, USA's negligent acts and/or omissions, individually and/or collectively, were a direct and proximate cause of the incident made the basis of this lawsuit and resulted in Plaintiff's injuries and damages. More specifically, the following are the actions and/or omissions constituting Defendant, USA's negligent, careless, and reckless disregard of the duty it owed:

> A) under respondeat superior, Defendant USA is liable for all of the negligent acts and/or omissions committed by Defendant

      Stanford;

B)    entrusting its vehicle to Defendant GARZA, who Defendant USA knew or should have known was incompetent and/or reckless;

C)    failing to properly train Defendant GARZA;

D)    negligently hiring an incompetent Defendant GARZA;

E)    negligently supervising Defendant GARZA; and/or

F)    failing to comply with the Federal Motor Carrier Safety Regulations.

## DAMAGES FOR PLAINTIFF

11. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered severe injuries and incurred the following past and future damages:

A) Reasonable care and medical expenses;

B) Lost wages;

C) Loss of earning capacity;

D) Pain and suffering;

E) Physical impairment; and

F) Mental anguish.

## JURY DEMAND

12. Plaintiff hereby demands a trial by jury.

## PRAYER

13. Plaintiff, **BRITTANI CASTLE**, respectfully requests that Defendants be cited to appear and answer herein; that upon final trial hereof, Plaintiff be awarded a judgment against the Defendants for all damages, punitive damages, legally recoverable pre-judgment and post- judgment interest, all costs if court, and any other further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**THE GODSEY LAW FIRM, P.C.**

By: */s/ Josie Y. Monconduit*
Josie Y. Monconduit
Texas Bar No. 24101133
Federal Bar No. 12759
2950 N Loop West, Ste. 400
Houston, Texas 77092
Tel. (713) 581-8719 ext. 8309
Fax. (713) 581- 8700
E-service:  gmlit@gmfirm.com
Email: jmonconduit@gmfirm.com

**ATTORNEY FOR PLAINTIFF**

CORRESPONDENCE, E-SERVED DOCUMENTS, NOTICES AND ORDERS ARE ONLY ACCEPTED AT DESIGNATED E-SERVICE EMAIL ADDRES (GMLIT@GMFIRM.COM). SERVICE ON ANY OTHER EMAIL ADDRESS WILL BE CONSIDERED INVALID